### George Reddick v. The State.

*No. 161.   Decided March 18.*

1. **Forgery — Order for Merchandise.**—An order for merchandise may be the subject of forgery. Following Hendricks v. The State, 26 Texas Court of Appeals, 176.

2. **Same—Former Acquittal.**—A plea and proof of former acquittal for forgery can constitute no plea or bar to a prosecution for passing or uttering the said forged instrument.

Appeal from the District Court of Hunt. Tried below before Hon. E. W. Terhune.

This appeal is from a judgment of conviction for passing or uttering a forged instrument, viz., an order for merchandise, which will be found set forth fully in the opinion of the court.

Defendant pleaded former acquittal, in that he had been previously tried and acquitted for the forgery of the identical instrument for which he was being tried in this prosecution. The district attorney demurred to his plea of former acquittal, and this plea was stricken out. The case then proceeded to trial upon the merits, and appellant was found guilty of passing the forged instrument as charged in the indictment, his punishment being assessed at two years imprisonment in the penitentiary.

A statement of the facts is unnecessary.

*Atterberry & Sorells*, for appellant.—An instrument to be the subject of forgery must be valid upon its face, and such that a civil action might be sustained thereon without recurring to extrinsic evidence.

An indictment predicated upon an instrument having no real or apparent legal efficacy upon its face to be good must contain innuendo averments. Anderson v. The State, 20 Texas Ct. App., 595; Henderson v. The State, 14 Texas, 503; Howell v. The State, 37 Texas, 591; Williams v. The State, 51 Ga., 535; 1 Whart. Crim. Law, 9 ed., 965, 700; Bish. Crim. Law, 3 ed., 545:

The court erred in striking out defendant's plea of autrefois acquit, when defendant had been tried for the forgery of this same instrument at a former trial in the same court; the same proof was required to establish guilt of either offense, and because a plea properly pleaded can not be stricken out on general demurrer, but should go to the jury as a mixed question of law and fact. Const., art. 1, sec. 14; Rogers v. The State, 10 Texas Ct. App., 655; People v. Allen, Parker N. Y. C. R., 445; Troy v. The State, 10 Texas Ct. App., 319.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of knowingly passing as true a forged instrument. The order read as follows:

"July 13, 1892.
" *Mr. Lane:*

" Please let the bearer have $2.50 worth of goods, and charge the same to me.

    [Signed]                 .        " J. H. COLE."

Counsel for appellant moved to quash the indictment, because the instrument was not valid upon its face, and such as would sustain a civil action without recurring to extrinsic evidence. This objection is not well taken. Hendricks v. The State, 26 Texas Ct. App., 176.

This case was tried at the January Term, 1893, of the District Court of Hunt County. Prior to this conviction, appellant had been tried and acquitted of forging the same instrument. The indictment upon which the acquittal was had contained but one count, and that was for the forgery. In bar to this prosecution appellant pleaded the former acquittal. Appellant can not plead former acquittal under the above facts. Appellant was not in jeopardy, because he could not have been convicted for passing a forged instrument under an indictment which charged the forgery only. A person may not be guilty of forging an instrument, but may be guilty of passing the same instrument. There is no error in the record as presented to us, and the judgment is affirmed.

                                            *Affirmed.*

Simkins, J., absent.